UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

      v.                                    **DECISION AND ORDER**
                                              20-CR-49

MICHAEL J. MURPHY,

                  Defendant.

═══════════════════════════════════

      Defendant Michael J. Murphy is charged in twelve counts of a 34-count Superseding Indictment with various narcotics-related offenses including narcotics conspiracy, possession of various narcotics with intent to distribute, using and maintaining multiple drug-involved premises, distribution of methamphetamine and fentanyl, and possession of firearms charges. Dkt. 23. This case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings. Dkt. 27.

      An evidentiary hearing was held on January 25, 2022 regarding a search of 12 Bishop Street in Jamestown, New York on July 16, 2019. Dkt. 299. The hearing was conducted jointly with the matter of *United States v. Jarrod K. Adams* (W.D.N.Y. 20-CR-12) due to the overlapping facts as Defendant Murphy, co-defendant Austin Gordon, and Jarrod Adams had all filed motions to suppress evidence seized from that residence. Dkt. 285. After post-hearing briefing was submitted, oral argument was heard on August 9, 2022. Dkt. 345.

      On September 23, 2022, Magistrate Judge Roemer filed both a Report and Recommendation ("R&R"), Dkt. 358, and a Report, Recommendation and Order

("RR&O"), Dkt. 362, pertaining to Defendant Murphy's various pre-trial motions, Dkt. 207.  The R&R recommends that Defendant's motion to suppress evidence obtained from 12 Bishop Street on July 16, 2019 be denied.  The RR&O recommends denial of Defendant Murphy's motions to dismiss and to suppress evidence seized from 711 Newland Avenue in Jamestown, New York on November 29, 2019.  Several additional non-dispositive pre-trial motions within docket 207 were also ruled on in the RR&O.

Defendant filed objections solely concerning Magistrate Judge Roemer's recommendation to deny his motion to suppress evidence seized from 12 Bishop Street. Dkt. 370.  The Government filed a response in opposition thereto, Dkt. 379, and Defendant did not file a reply.  Oral argument on Defendant's objections was held before the Court on January 12, 2023, and the matter was thereafter considered submitted.

Pursuant to 28 U.S.C. § 636(b)(1), the Court applies a *de novo* standard of review to the portions of a Report and Recommendation to which timely and specific objections have been raised.  For the reasons that follow, the Court adopts Judge Roemer's R&R, and Defendant's suppression motion is hereby denied.

The Court must give appropriate deference to the measured determinations of the Magistrate Judge as to the credibility of the hearing witnesses.  *See, e.g.*, *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary

hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.").

Although Magistrate Judge Roemer noted inconsistencies in the witness testimony, he found that they did not pertain to the primary issue of whether co-defendant Gordon consented to law enforcement's entry into 12 Bishop Street on July 16, 2019. Furthermore, Magistrate Judge Roemer found that the credible, detailed, and live testimony of the Government's witnesses contradicted and outweighed the version of events set forth in the affidavits of Defendant Murphy, Jarrod Adams, and Adams' private investigator.

With respect to Defendant's objections that (1) co-defendant Gordon was not authorized to consent to a search of Defendant Murphy's bedroom within 12 Bishop Street and (2) Defendant Murphy did not consent to a search of his bedroom, Defendant misapprehends the law. Neither the search for Camille Lopez, pursuant to a federal arrest warrant that Deputy U.S. Marshal Baryza presented to co-defendant Gordon, which resulted in Gordon giving voluntary implied consent to law enforcement's entry, nor the lawful protective sweep that officers conducted once inside the residence, required them to obtain Defendant Murphy's personal consent prior to opening his bedroom door.

Additionally, the Government's response advised the Court that Defendant did not raise either of these latter arguments until after the hearing was conducted. As such, the Government argues that Defendant should be foreclosed from raising them now. Dkt. 379. This Court agrees that the arguments were untimely raised and will not consider them on the merits. *See, e.g., United States v. Evans*, 12-CR-00235-RJA-

JJM-2, 2014 U.S. Dist. LEXIS 180421, *6 (W.D.N.Y. Dec. 22, 2014) ("[I]n his post-hearing submission, [the defendant] raises a new ground for suppression.... This argument should not even be considered, since it was not raised in defendant's pre-hearing motion.") (quotation marks and internal citations omitted), *adopted by United States v. Evans*, 12-CR-235, 2015 WL 224411, 2015 U.S. Dist. LEXIS 4979 (W.D.N.Y. Jan. 15, 2015).

Accordingly, upon due consideration of the arguments and upon *de novo* review, the Court ADOPTS the conclusion and the reasoning of the Magistrate Judge as set forth in the R&R at docket 358. No objections were raised with respect to the remainder of the Magistrate Judge's recommendations and orders set forth in the RR&O at docket 362. On clear error review, the Court accordingly ADOPTS the recommendations of the Magistrate Judge concerning both Defendant Murphy's motion to dismiss and motion to suppress evidence seized from 711 Newland Avenue on November 29, 2019. Defendant Murphy's motions (Dkt. 207) are therefore denied in relevant part, consistent with the foregoing.

The parties shall appear for a status conference to set a date for trial or plea on February 15, 2023 at 10 am.

**IT IS SO ORDERED.**

                                      *Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT COURT

Dated:  February 13, 2023